**DANNER et al. v. UNITED STATES.**

**No. 373.**

District Court, N. D. Iowa, Cedar Rapids Division.

Nov. 6, 1937.

V. F. Sieverding, of Grundy Center, Iowa, and W. D. Kearney, of Marshalltown, Iowa, for plaintiffs.

E. G. Dunn, U. S. Atty., and Wm. B. Danforth, Asst. U. S. Atty., both of Mason City, Iowa, Walter R. Hutchinson, Asst. U. S. Atty., of Cedar Rapids, Iowa, and Benjamin F. Schwartz, Sp. Asst. Atty., U. S. Veterans' Bureau, of Chicago, Ill.

448

SCOTT, District Judge.

The above-entitled cause came before the court on the 28th day of September, 1937, upon the defendant's demurrer to the plaintiffs' amended and substituted petition. The matter was orally argued and submitted, subject to the filing of briefs within 30 days, and at the expiration of 30 days the matter to stand finally submitted. It was stipulated by respective counsel in open court that the court might rule while in the Western Division, and that should the demurrer be overruled a reasonable time should be fixed for answer and an exception reserved to the defendant, and that, should the demurrer be sustained, judgment of dismissal might be immediately entered and an exception reserved to the plaintiffs on the ruling and judgment; and that when the order and judgment should be signed it should be transmitted to the clerk in the Cedar Rapids Division for entry with the same force and effect as though the Presiding Judge were present in the Cedar Rapids Division at the time of decision.

The action is one upon a yearly renewable policy of war risk insurance. The amended and substituted petition alleges the enlistment of the soldier on October 11, 1917, and his discharge on May 14, 1919. The policy was for $10,000 total benefit, and $57.50 monthly benefit in case of total permanent disability. The policy was effective December 3, 1917, and premiums were paid up to and for the month of May, 1919, and, considering the grace period, the policy lapsed July 1, 1919, if unmatured. The soldier's name was John Harold, and he died on June 10, 1920. Plaintiff Wanda Danner was his sister and beneficiary. Total permanent disability is alleged during the life of the policy.

Wanda Danner, plaintiff, filed claim for benefits under the policy on June 24, 1931. On June 10, 1935, there was mailed and registered to the plaintiff at her proper post office address, from the Veterans Administration in Washington, D. C., a letter signed "H. L. McCoy, Director of Insurance," reciting: " * * * you are informed a decision was rendered on June 7, 1935, by the Insurance Claims Council to the effect that the evidence was not sufficient to establish as a fact that the insured was permanently and totally disabled at the time alleged or at any time while insurance was in force, and, therefore, the claim has been denied." The letter also stated:

"An application for review on appeal to the Administrator of Veterans' Affairs may be filed within one year from the date of this letter which is the mailing date thereof. Any material evidence submitted within a period of one year or prior to the consideration of the appeal, whichever is the earlier, will receive consideration but the submission of such evidence will not extend the period in which an appeal may be presented. * * * If no appeal is taken, then the denial of the claim by the Insurance Claims Council is final."

On April 17, 1936, Wanda Danner appealed to the Administrator of Veterans' Affairs. On July 10, 1936, the appeal was decided, the decision again denying the claim.

On July 23, 1936, this suit was begun. A good deal of skirmishing and backing and filling occurred during the September, 1936, and April, 1937, terms of this court, all resulting in the filing of an amended and substituted petition at the September, 1937, term, and the demurrer thereto upon the ground that the cause of action was barred at the time suit was instituted by the reservations contained in section 19 of the World War Veterans' Act of 1924, as amended by Act July 3, 1930, § 4, 46 Stat. 992 (38 U.S.C.A. § 445), supplemented by the Joint Resolution of the 74th Congress, approved January 28, 1935 (38 U.S.C.A. § 445c), and amended by the Act of Congress approved June 29, 1936, § 404 (38 U.S.C.A. § 445d), and the submission of the demurrer with the stipulation as stated. All briefs have been filed and the cause stood finally submitted on the 28th day of October, 1937.

The following legislative provisions are considered material to be considered in the decision of the demurrer.

Section 5 of the World War Veterans' Act 1924, as amended by Act July 3, 1930 (chapter 849, § 1, 46 Stat. 991; section 426, title 38 United States Code [38 U.S.C. A. § 426]): "The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this Act [chapter], and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this Act [chapter], which are necessary or appropriate to carry out its purposes, and shall decide all questions arising under this Act [chapter]. * * * All officers and employees of the bureau shall perform such

duties as may be assigned them by the director. All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as though performed by the director in person."

Section 19 of the World War Veterans' Act 1924, as amended by Act July 3, 1930 (chapter 849, § 4, 46 Stat. 992; section 445, title 38 United States Code [38 U.S.C.A. § 445]):

"In the event of disagreement as to claim, * * * under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States * * * and jurisdiction is hereby conferred upon such courts to hear and determine all such controversies. * * *

"No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this amendatory Act, [July 3, 1930], whichever is the later date, * * * Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the bureau [Veterans' Administration] of the claim sued upon and the denial of said claim by the director [Administrator of Veterans' Affairs]. * * * No State or other statute of limitations shall be applicable to suits filed under this section. * * *

"The term 'disagreement' means a denial of the claim by the director [Administrator of Veterans' Affairs] or someone acting in his name on an appeal to the director [Administrator]."

Public Resolution No. 1, 74th Congress, approved January 28, 1935 (chapter 1, 49 Stat. 1; section 445c, title 38 United States Code, Supp. II [38 U.S.C.A. § 445c]): "Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That a denial of a claim for insurance by the Administrator of Veterans' Affairs or any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator shall constitute a disagreement for the purposes of section 19 of the World War Veterans' Act, 1924, as amended (U.S.C., Supp. VII, title 38, Sec. 445). This resolution is made effective as of July 3, 1930, and shall apply to all suits now pending against the United States under the provisions of section 19 of the World War Veterans' Act, 1924, as amended, and any suit which has been dismissed solely on the ground that a denial as described in this resolution did not constitute a disagreement as defined by section 19 may be reinstated within three months from the date of enactment of this resolution."

Veterans' Administration Regulation No. 3204 dated November 1, 1931: "Appeal from Decision by Insurance Claims Council.—Where the insurance claims council finds that permanent and total disability does not exist as alleged, such denial shall be final. However, the veteran or his representative shall have the right of appeal to the Administrator from any finding made pursuant to the authority contained in paragraphs R-3200 to 3203 providing such appeal be exercised within sixty days from the date of receipt of notice of the final action of the council. Such appeal must be in writing and otherwise comply with the regulations governing appeals to the Administrator."

On September 4, 1934, the above-quoted Veterans' Administration Regulation was amended as follows: "Appeal from Decision by Insurance Claims Council.—Where the insurance claims council finds that permanent and total disability does not exist as alleged, such denial shall be final. (However, a veteran or his authorized representative shall have the right to file an application for review on appeal to the Administrator of Veterans' Affairs within one year from the date of mailing of notice of the decision of the insurance claims council. Any new and material evidence must be submitted within a period of one year or prior to the consideration of the appeal. Such appeal must be in writing and otherwise comply with the regulations governing appeals to the Administrator. An application for review on appeal filed with the activity which entered the denial which is postmarked prior to the expiration of the one year period will be accepted as having been filed within the time limit.)"

Section 404 of Public No. 844, 74th Congress, approved June 29, 1936 (chapter 867, 49 Stat. 2034; section 445d, title 38 United States Code, Supp. II [38 U.S.C.A.

§ 445d]): "That in addition to the suspension of the limitation for the period elapsing between the filing in the Veterans' Administration of the claim under a contract of insurance and the denial thereof by the Administrator of Veterans' Affairs or someone acting in his name, the claimant shall have ninety days from the date of the mailing of notice of such denial within which to file suit. This Act [section] is made effective as of July 3, 1930, and shall apply to all suits now pending [on June 29, 1936] against the United States under the provisions of section 19, World War Veterans' Act, 1924, as amended, [section 445 of this title]; and any suit which has been dismissed solely on the ground that the period for filing suit has elapsed but where in the extension of the period for filing suit as prescribed herein would have permitted such suit to have been heard and determined may be reinstated within ninety days from the date of enactment of this Act [June 29, 1936]: Provided, That on and after the date of enactment of this Act [June 29, 1936], notice of denial of the claim under a contract of insurance by the Administrator of Veterans' Affairs or someone acting in his name shall be by registered mail directed to the claimant's last address of record: Provided further, That the term 'denial of the claim' means the denial of the claim after consideration of its merits."

■ It will be observed that suit was not brought within the time limited in section 19 of the Veterans' Act first quoted, notwithstanding a consideration of the suspension of the limitation therein provided for and of the suspension provided in the Act approved June 29, 1936, unless it be assumed that the Veterans' Administration Regulation of September 4, 1934, tolls the running of the limitation by the filing of the appeal therein provided. It is not questioned that the Veterans' Administration is authorized to make and promulgate regulations consistent with the Acts of Congress relative to the subjects under its jurisdiction; it is contended, however, that the Veterans' Administration may not make regulations which limit said Acts of Congress. In considering this legislation, it must be borne in mind that the limitations in question are not ordinary statutes of limitation which condition the time of beginning suits where there is a cause of action as of right. The limitation here to be considered is a limitation upon the sovereign's consent to be sued. It is well

settled of course that the sovereign's consent to be sued must be strictly construed and cannot be varied by any other authority than Congress itself. The language of the Acts of Congress quoted contains no apparent ambiguity. Section 19 quoted, as applied to this case, fixes 1 year after the date of approval of the Act of July 3, 1930, as the limit, conditioned only upon a suspension of the limitation elapsing between the period of the filing in the bureau of the claim sued upon and the denial of the claim by the authorized official of the bureau (at that time the director). The Act approved June 29, 1936, quoted, extends the original period of limitation for a possible 90 days, dependent upon whether the notice referred to at the end of the previous existing limitation, or before that time.

■ It is the contention of the plaintiff that the Veterans' Administration Regulation of September 4, 1934, limits the effect of the Public Resolution of Congress approved January 28, 1935, and renders the denial of the claim by "any employee or agency of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator" conditional, and, although it may constitute a disagreement and afford ample foundation for the institution of suit against the United States in case no appeal is taken within a year after such conditional denial, nevertheless that, if an appeal is taken at any time within the year provided, the disagreement theretofore effective becomes null, and the limitation of the sovereign's consent to be sued is again suspended effective retroactively as of the date when it had previously expired, and continuing until the claim should be again denied on appeal, and then for another 90 days under the Act approved June 29, 1936. I think this is according altogether too much force to a mere regulation of the Veterans' Administration as a limitation upon Acts of Congress subsequently passed. Had Congress when it passed the Joint Resolution of January 28, 1935, defining what should constitute a disagreement for the purposes of section 19 of the World War Veterans' Act, intended that it should be qualified by any existing regulation of the Veterans' Administration, I think something would have been said on the subject. And the same holds true as to the Act approved June 29, 1936. I am convinced that the courts must determine the existence of "disagreements" and of the sovereign's consent to be sued with any limitations thereon, entirely from the Acts of

Congress without limit or qualification by administrative departments of the government.

It follows that the defendant's demurrer to the amended and substituted petition must be and is sustained, and the plaintiffs' amended and substituted petition dismissed, and it is so ordered.